BONFINI, Plaintiff-Appellant, v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Defendant-Appellee.

Ohio Appeals, Seventh District, Belmont County.

No. 962.   Decided July 5, 1960.

*Messrs. Malik & Malik,* for plaintiff-appellant.
*Messrs. Thornburg & Lewis,* for defendant-appellee.

For further history see *Omnibus Index* in bound volume.

DONAHUE, J.   Defendant-appellee, Nationwide Mutual Fire Insurance Company, through its agent issued a policy of fire insurance on appellant's household goods and furniture on September 8, 1956.   A pre-existing policy had been issued by the same company to the appellant on his house.   The company's agent, although the policy in question had been issued, refused to deliver the same to the insured until said insured paid the premium.   This he promised to do promptly, but his promise was written on air.   On November 2, 1956, the premium still unpaid, the house burned down with all its contents.

Defendant-appellee promptly paid the insurance on the house but on November 14, 1956, denied liability on the household goods policy. The reason for their denial is not important in this case.

Suit was brought more than a year later.

The defense set up was a provision in the policy barring suit after twelve months.

Little or no question is raised as to the validity of this limitation. The serious question appearing in the case is the result of the withholding of the policy by the agent and the consequent lack of knowledge on the part of the insured of the twelve month limitation in the policy. It is pointed out, however, that the insured had in his possession a policy on his house which was issued by the same company and which actually had an identical provision.

There can be no question here, that the policy was valid and subsisting when issued, whether paid for or not, and whether delivered or not.

Therefore the real question is—did the agent's action in refusing delivery and his subsequent neglect to deliver, form an estoppel as to the enforcement of this one clause. To resolve this question we must look to the agent's powers to bind the company. An insurance company is not, it will be admitted, bound by every act of its agent, but only by those acts within the scope of his authority. Thus, an agent may bind the company when he issues a policy. This may be countermanded if a company cancels that policy. It cannot be bound if an agent writes up a special, nonstandard policy without its consent. There are many ways and fields in which an agent, be it for an insurance company or for some other principal, can exceed his authority.

Can we determine the agent's authority in this case. Certainly this situation is unusual. That being true, it would be necessary to produce some evidence that the agent in withholding the policy did so within the scope of that authority with the company's consent, or at the very least with its knowledge. It is inconceivable that a company would authorize or even approve of this type of procedure. It smacks of the unethical, is poor business, and perilous generally. In fact the general procedure and instructions would obviously be to deliver the

policy and if not paid for in a reasonable time, to cancel it for non-payment.

At any rate, to bind the company for the agent's act, here, there would have to be an affirmative showing that the agent was acting within the scope of his employment and authority. We find no such evidence in this case.

Therefore the judgment of the trial court must be affirmed.

GRIFFITH, P. J., and PHILLIPS, J., concur.